### GREENWOOD et al. v. TOWN OF WESTPORT.

(District Court, D. Connecticut. January 23, 1893.)

Nos. 915, 916.

1. ADMIRALTY JURISDICTION — MARITIME TORT — NEGLIGENT MANAGEMENT OF DRAWBRIDGE.

A libel alleged that a steam vessel approaching a drawbridge over public navigable waters of the United States gave timely signals that she desired to pass through the same, but that no attention was paid to her signals, and that on reaching the draw she was compelled to wait about an hour, and was then caught by the ebb tide, struck on the bottom, and sank; that said bridge was used as a public highway, and was in the care, control, and management of defendant town. *Held*, that the cause of action alleged was a maritime tort, cognizable in admiralty.

2. BRIDGES—MANAGEMENT BY TOWN—NEGLIGENCE.

A town which has undertaken to manage and control a drawbridge over navigable waters is liable for negligence or misfeasance therein, although it might not have been originally charged with the duty of opening said draw.

In Admiralty. Libel by Sylvester Greenwood and others against the town of Westport to recover for damages to the steam barge Hebe, alleged to have been caused by the negligence of the said town in the management of a certain drawbridge. Heard on exceptions to the jurisdiction. Overruled.

Samuel Park, for libelants.
Curtis Thompson, for defendant.

TOWNSEND, District Judge. The libel alleges that the steam barge Hebe was proceeding up Westport river laden with coal, about noon on October 26th, and, when about three quarters of a mile from a certain drawbridge in the town of Westport, she commenced to give signals from her steam whistle that she was approaching and desired to pass through said draw, and repeated said signals until she had nearly reached said bridge, but that no attention was paid to said signals, and that, after being compelled to wait about an hour, the Hebe was caught by the ebb tide, struck the bottom, and sank. The libel further alleges that said drawbridge "is a part of a public highway crossing public navigable waters of the United States; and that

said drawbridge, as a public highway, is in the care, control, and management of the said town of Westport." The defendant excepts *to* the libel on the following grounds, namely: "Because there are no allegations in the libel showing an express statutory liability, or any legal liability;" and because the allegations do not bring the case within the jurisdiction of a court of admiralty. In support of these exceptions defendant claims that, in the absence of state legislation, there is no obligation on the part of towns to open and close drawbridges, and that no statutory duty is imposed upon the town of Westport. It is further claimed that this bridge is not necessarily a nuisance, and that the commercial use of said Westport river, at the point where it is crossed by said bridge, is not such that it would justify the expense of the constant attendance of a man at said draw. Finally, it is claimed that a court of admiralty has jurisdiction of such cases only where there has been an actual collision, as in trespass at common law, and not where the damage claimed indirectly results from the injury, as in case.

The first claim under the exception seems to me to overlook the nature of the jurisdiction of a court of admiralty. The libel alleges negligence in the management of a drawbridge over a navigable stream, and damage suffered thereby. This constitutes a maritime tort. "Admiralty has jurisdiction over damage done to a vessel on navigable water by a bridge or permanent structure." City of Boston v. Crowley, 38 Fed. Rep. 204; Assante v. Bridge Co., 40 Fed. Rep. 767. And, if the defendant has undertaken to manage and control this drawbridge, it is liable for misfeasance, although it might not have been originally charged with the duty of opening said draw. The evidence as to whether there was misfeasance in fact, and in regard to the alleged commercial insignificance of the navigable stream, is only admissible by way of defense. As is stated by Judge Brown in Edgerton v. Mayor, etc., 27 Fed. Rep. 233:

"In constructing the bridge with a draw, and in undertaking to open and manage the draw, so as to allow vessels to pass, the state and the city have recognized the right of vessels to pass through without any appeal to the national authority to protect that right. People v. Saratoga, etc., R. Co., 15 Wend. 113, 134, 136; Escanaba & L. M. Transp. Co. v. Chicago, 107 U. S. 678, 683, 2 Sup. Ct. Rep. 185; Miller v. Mayor, etc., 109 U. S. 385, 393, 3 Sup. Ct. Rep. 228. Having thus recognized the rights of commerce, and undertaken to provide accommodations for the passage of vessels, the corporation is bound that the custodians of the bridge shall use ordinary diligence to avoid accidents to vessels going through the draw at customary hours, and in the customary manner, as one of the incidents of the care, management, and control of the bridge itself. It is responsible, therefore, for the want of ordinary care and diligence in its servants, and for the consequent damage."

The claim that only trespasses are included under the term "maritime torts" is not supported by the authorities in the federal courts. Mr. Justice Grier, in Philadelphia, W. & B. R. Co. v. Philadelphia & H. De G. Steam Towboat Co., 23 How. 209, holds that maritime torts have always included wrongs suffered in consequence of the negligence or malfeasance of others, where the remedy at common law is by an action on the case. It seems to me that, if the town was negligent in the discharge of a duty which it had undertaken to discharge, it is immaterial whether the damage resulting therefrom consisted in an

unavoidable collision with the bridge, or with the rocks at the side of the channel. The facts in the case of Hill v. Board, 45 Fed. Rep. 260, were very similar to those alleged in this libel. There, as the steamer approached a drawbridge across a navigable stream, she sounded the usual whistle to notify the bridge attendant to open the draw. The duty was so negligently performed that the propeller, without fault, collided with the bridge. Upon the question of jurisdiction, Judge Green, after reviewing the decisions of the supreme court of the United States, says:

"As locality, then, is the test of admiralty jurisdiction over torts, the critical question is, was the tort complained of committed on land or on navigable waters? The answer, whatever it may be, is decisive and final. Clearly, in this case, it appears that the wrongful act was committed upon navigable waters, and hence within the jurisdiction of this court."

The exceptions to the jurisdiction are overruled.